UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHAN COZART,<br><br>    Plaintiff,<br><br>v.<br><br>F/N/U DAWSON,<br><br>    Defendant. | Case No. 3:23-cv-00031<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On August 3, 2023, the Court found that pro se and *in forma paueris* Plaintiff Nathan Cozart had not responded in opposition to Defendant Deshaun Dawson's motion to dismiss Cozart's complaint against him in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 29.) The Court ordered Cozart to show cause by August 24, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for Cozart's failure to prosecute or under Rule 12(b)(6) for the reasons stated in Dawson's motion. (*Id.*) Cozart has not responded to the Court's show-cause order or to Dawson's motion to dismiss.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b) and find moot Dawson's motion to dismiss.

**I.    Relevant Background**

This action arises out of Cozart's pretrial detention in the Rutherford County Jail in Murfreesboro, Tennessee, where Dawson works as a corrections officer. (Doc. Nos. 1, 6.) Cozart filed a complaint asserting civil rights claims against Dawson and seeking $100,000.00 in damages

among other requested relief. (Doc. Nos. 1, 6.) The Court granted Cozart's application to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, found that Cozart has stated a colorable First Amendment retaliation claim against Dawson in his individual capacity, and dismissed all other claims alleged in Cozart's complaint. (Doc. Nos. 9, 10.) The Court informed Cozart "that he must keep the Clerk's Office informed of his current address to avoid dismissal of this action for failure to prosecute." (Doc. No. 10, PageID# 54.)

Dawson appeared and moved to dismiss Cozart's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 26.) Dawson certified that he served a copy of his motion and supporting memorandum of law on Cozart via U.S. mail addressed to the Rutherford County Adult Detention Center (RCADC). (Doc. Nos. 26, 27.)

On August 3, 2023, the Court found that Cozart did not file a response in opposition to Dawson's motion to dismiss within the time frame provided by this Court's Local Rules. (Doc. No. 29 (first citing M.D. Tenn. R. 7.01(a)(3) (response); and then citing Fed. R. Civ. P. 6(d)).) The Court further found "that a copy of one of the Court's prior orders mailed to Cozart at RCADC on July 10, 2023, was returned as undeliverable, but Cozart has not notified the Court of any change in his address." (*Id.* at PageID# 129.) The Court therefore ordered Cozart to show cause by August 24, 2023, why the Magistrate Judge should not recommend that the Court dismiss Cozart's complaint for failure to prosecute or for the reasons stated in Dawson's motion to dismiss and why the Court should allow Cozart to file an untimely response in opposition to Dawson's motion. (Doc. No. 29.) The Court warned Cozart that failure to comply with its show-cause order would "likely result in a recommendation that the Court dismiss his complaint against Dawson." (*Id.* at PageID# 131.)

The docket shows that Cozart has not responded to the Court's show-cause order or to Dawson's motion to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with

prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[ ] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Cozart.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Cozart's failure to respond to Dawson's motion to dismiss, failure to keep the Court apprised of his mailing address, and failure to respond to the Court's show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

#### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*,

*Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because filing a motion to dismiss is a typical step in early litigation, the second factor weighs against dismissal here. *See id.* at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Cozart that failure to keep the Clerk's Office apprised of his mailing address and failure to comply with the Court's show-cause order could lead to dismissal. (Doc. Nos. 10, 29.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Dawson has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying

6
Case 3:23-cv-00031 Document 30 Filed 09/29/23 Page 6 of 7 PageID #: 137

defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

IV. **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Cozart's failure to prosecute and that Dawson's motion to dismiss (Doc. No. 26) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 29th day of September, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

7

Case 3:23-cv-00031   Document 30   Filed 09/29/23   Page 7 of 7 PageID #: 138